UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADAM SOUTHERLAND (#475341)      CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN     NO. 09-0160-FJP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this ___6th___ day of August, 2009.

DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ADAM SOUTHERLAND (#475341)                           CIVIL ACTION

VERSUS

N. BURL CAIN, WARDEN                                     NO. 09-0160-FJP-DLD

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Adam Southerland, challenges his convictions, entered in 2004 in the Twenty-Third Judicial District for the Parish of Ascension, State of Louisiana, on two counts of second degree murder. He challenges the resulting consecutive life sentences, complaining that the trial court erred in granting the prosecution's challenge of a juror for cause during voir dire, that he was provided with ineffective assistance of counsel and that his sentences are excessive.

Upon a review of the petitioner's application, it appears that he was tried by jury and found guilty, on November 14, 2003, of two counts of second degree murder. On February 9, 2004, after submission of a pre-sentence investigation report, the petitioner was sentenced to serve two consecutive life sentences, without the benefit of probation, parole or suspension of sentence.

The petitioner appealed these convictions, asserting as a single assignment of error that the trial court erred in granting the prosecution's challenge for cause of a potential juror, Juanita Fenley. On September 28, 2005, the Louisiana Court of Appeal for the First Circuit affirmed the convictions and sentences. State v. Sutherland, 912 So.2d 114 (La. App. 1st Cir. 2005). The petitioner failed to seek review of this determination in the Louisiana Supreme Court. Accordingly, his convictions became final on or about October 28, 2005, upon expiration of the time allowed for

seeking such review.

Thereafter, approximately two years later, on or about September 27, 2007, the petitioner filed an application for post-conviction relief in the state district court, asserting that the trial court erred in granting the prosecution's challenge for cause of potential juror Juanita Fenley, that he was provided with ineffective assistance of counsel, and that his sentence was excessive. This application was denied in the state district court on November 13, 2007, and the petitioner's applications for supervisory review in the state appellate courts were denied, with the Louisiana Supreme Court denying review on December 12, 2008. See State ex rel. Sutherland v. State, 997 So.2d 557 (La. 2008). A subsequent application for reconsideration in the Louisiana Supreme Court was also denied, on March 13, 2009. See State ex rel. Sutherland v. State, 5 So.3d 110 (La. 2009).

On March 19, 2009, the petitioner filed the instant habeas corpus proceeding in this Court. Based upon the foregoing, the Court concludes that the application is untimely.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This statute provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

In the instant case, the petitioner's conviction became final on or about October 28, 2005, upon expiration of the time allowed for seeking supervisory review of his convictions and sentences in the Louisiana Supreme Court. The petitioner then allowed more than one year to elapse prior to his filing of an application for post-conviction relief in the state district court. Accordingly, it is clear that more than one year elapsed during which the petitioner did not have any pending applications for post-conviction relief in the state courts. His petition in this Court, therefore, is time-barred pursuant to § 2244(d) and must be dismissed.

Finally, although this Court also has the power to equitably toll the statute of limitations in exceptional circumstances, Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), this Court finds no compelling reason to recommend tolling in this case. Accordingly, the Court finds that the petitioner is not entitled to equitable tolling of the limitations period.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for habeas corpus relief be dismissed as untimely.

Baton Rouge, Louisiana, this 6th day of August, 2009.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE